# No. 14-1224-CV

_____

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

_____

Anh Nguyet Tran,Christina T Soulamany & Lai Somchanmavong, Colleen Dwyer,
Elaine Phan, Hoa V Nguyen, Huan N Tran; Hung V Nguyen, Kay Aphayvong,
Kim-Thuy Nguyen, Mai L Pham; Minh A Trinh, My-Hanh Huynh, Nhieu V Tran;
Patricia Gunness, Patricia S Adkins FKA Patricia S. Olson Peter Delamos,
Peter Ha & Tina Le, Phokham Soulamany & Phetsanou Soulamany;
Sarah M Young,Suong Ngoc Nguyen & Long Le,Thai Christie &
Sequoia Holdings LLC, Thiem Ngo,Thuan T Tran, Thu Lam Tran,
Thuy-Trang Nguyen; Tri Thien Nguyen, Tuy T Hoang & Thomas T Hoang,
Tuyen T Thai, Tuyetlan T Tran; Uyen T Thai & Thong Ngo;
Van Le FKA Van T Nguyen, Vu Dinh

APPELLANTS

V.

Bank of New York now known as Bank of New York Mellon by Merger and/or
acquisition Deutsche Bank National Trust Company, HSBC Bank USA National
Association, US Bank National Association, Wells Fargo Bank National
Association, American Home Mortgage Assets AHMA 2006-1,Securitized Asset
Backed Receivables SABR 2005-HE1;Impac Secured Assets Corp IMSA 2006-5
Countrywide Alternative Loan Trust CWALT 2005-17; CHL Mortgage Pass-
Through Trust CWHL 2007-HYB2; Alternative Loan Trust CWALT 2006-OA6
RALI Series 2006-QS8 Trust; RALI 2006-QS8, CHL Mortgage Pass-Through
Trust  CWHL 2005-HYB6; Citigroup Mortgage Loan Trust CMLTI 2007-6
IXIS Real Estate Capital Trust IXIS 2006-HE3; Lehman Mortgage Trust LMT
2007-6,Merrill Lynch Mortgage Investors Trust MLMI 2006-HE6;CWALT, Inc.,
Alternative Loan Trust  CWALT 2005-58; Opteum Mortgage Acceptance Corp.

OMAC 2005-1; GSAA Home Equity Trust GSAA 2006-12; CHL Mortgage Pass-Through Trust CWHL 2007-HY6; Citigroup Mortgage Loan Trust CMLTI 2005-11; Fremont Home Loan Trust FHLT 2005-1; Merrill Lynch Alternative Note Asset Trust  MANA 2007-A2, First Franklin Mortgage Loan Trust FFML 2005-FF9; First Franklin Mortgage Loan Trust FFML 2007-FF2;First Franklin Mortgage Loan Trust FFML 2007-FFC; CHL Mortgage Pass-Through Trust CWL 2005-11; CHL Mortgage Pass-Through Trust CWHL 2007-3; CWHEQ Home Equity Loan Trust  CWL 2007-S2; Bear Stearns ALT-A Trust Series BALTA 2005-4; Structured Adj. Rate Mtg. Loan Trust SARM 2008-8XS; Lehman XS Trust Mgt. Pass-Through Cert. LXS 2005-2; GreenPoint Mortgage Funding Trust GPMF 2005-AR4;Alternative Loan Trust CWALT 2006-OA19;Banc of America Funding BAFC 2006-6; CWALT, Inc., Alternative Loan Trust CWALT-2005-22T1;Bear Stearns ALT-A Trust BALTA 2006-3;CHL Mortgage Pass-Through Trust CWHL 2006-HYB5;CSMC Mortgage-Backed Trust CSMC 2006-5;Alternative Loan Trust CWALT 2006-29T1; GSAMP Trust GSAMP 2006-HE1

APPELLEES

---

**On Appeal from an Order of the**

**United States District Court for the Southern District of New York**

---

---

**BRIEF OF APPELLANTS**

---

**Tomas Espinosa, Esq.**
**8324 Kennedy Blvd.**
**North Bergen, NJ 07**
**Telephone: (201) 223-1803**
**Fax:  (201) 223-1893**
**Attorney for Appellants**

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### No. 14-1224 Anh Nguyet Tran et al., v. Bank of New York et al.,

DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER
ENTITIES WITH A DIRECT FINANCIAL INTEREST IN LITIGATION

ONLY ONE FORM NEED BE COMPLETED FOR A PARTY EVEN IF THE
PARTY IS REPRESENTED BY MORE THAN ONE ATTORNEY.
DISCLOSURES MUST BE FILED ON BEHALF OF INDIVIDUAL PARTIES
AS WELL AS CORPORATE PARTIES. DISCLOSURES ARE REQUIRED
FROM AMICUS CURIAE ONLY IF AMICUS IS A CORPORATION.
COUNSEL HAS A CONTINUING DUTY TO UPDATE THIS INFORMATION.

PLEASE FILE AN ORIGINAL AND THREE COPIES OF THIS FORM.

Pursuant to FRAP 26.1 and Local Rule 26.1,

**Sequoia Holdings, L.L.C.**          who is          **Appellant**          ,
(name of party/amicus)              (appellant/appellee/amicus)

makes the following disclosure:

1. Is party/amicus a publicly held corporation or other publicly held
entity?

   (      ) YES                (X) NO

2. Does party/amicus have any parent corporations?

   (      ) YES                (X) NO

   If yes, identify all parent corporations, including grandparent and
great-grandparent corporations:

3. Is 10 percent or more of the stock of a party/amicus owned by a
publicly held corporation or other publicly held entity?

   ( ) YES                (X) NO

i

If yes, identify all such owners:


4.  Is there any other publicly held corporation or other publicly held entity that
    has a direct financial interest in the outcome of the litigation (Local Rule
    26.1 (b)).

    ( ) YES                    (X) NO

If yes, identify entity and nature of interest:


5.  Is the party a trade association?


    ( ) YES                    (X) NO


If yes, identify all members of the association, their parent corporation, and any
publicly held companies that own 10 percent or more of a member's stock:


6.  If case arises out of a bankruptcy proceedings, identify any trustee and the
    members of any creditor's committee:


    ***/s/ Tomas Espinosa, Esq.***            **9/15/2014**
    Signature                                 Date

# **TABLE OF CONTENTS**

CORPORATE DISCLOSURE STATEMENT ………………………………i-ii

TABLE OF AUTHORITIES ...................................................................v

INTRODUCTION ................................................................................1

STATEMENT OF JURISDICTION........................................................1

STATEMENT OF THE ISSUE OF THE CASE ...................................1

STATEMENT OF THE CASE................................................................3

    A. Procedural history........................................................................3

    B. Statement of Facts .......................................................................4

    C. Standard of Appellate Review......................................................6

    D. Summary of Argument..................................................................7

ARGUMENT .......................................................................................9

POINT I................................................................................................9

THE FEDERAL COURT HAS NO AUTHORITY TO CONSTRUE A STATE STATUTE DIFFERENTLY FROM THE CONSISTENT CONSTRUCTION OF THE STATE'S HIGHEST COURT, WHETHER THE STATE RULE IS PROCEDURAL OR SUBSTANTIVE

POINT II ...........................................................................................11

THE POOLING AND SERVICING AGREEMENT IS NOT A CONTRACT BUT A TRUST INDENTURE PRESCRIBING THE CREATION AND OPERATION OF THE TRUST BY OPERATION OF LAW

POINT III ..........................................................................................16

UNDER NEW YORK LAW, THIRD PARTIES THAT ARE NOT BENEFICIARIES OF A TRUST CAN RAISE CLAIMS AND DEFENSES RESULTING FROM ACTS OF THE TRUSTEE IN CONTRAVENTION OF THE TRUST INDENTURE, IN ACTIONS BETWEEN THE THIRD PARTIES AND THE TRUSTEE

POINT IV ........................................................................................24

> THE LOWER DISTRICT COURT AND THE SECOND CIRCUIT COURT
> OF APPEALS USED INAPPLICABLE CASES LAW SUPPORTING THEIR
> DECISIONS

POINT V ..........................................................................................30

> THE COURTS BELOW AND THE RAJAMIN COURT FAILED TO
> PROPERLY CONSTRUE, INTERPRET AND APPLY NEW YORK E.P.T.L.
> § 7-2.4

POINT VI ........................................................................................32

> THE RATIFICATION OF ANY ACT IN CONTRAVENTION TO THE
> TRUST INDENTURE BY THE BENEFICIARY IS PRECLUDED BY THE
> PROVISIONS OF THE SAME INDENTURE (THE PSA) AND BY
> OPERATION OF LAW

POINT VII ......................................................................................35

> THE TRUSTEE HAD NO STANDING BECAUSE THE TRUST BY
> OPERATION OF LAW WAS NEVER VALIDLY FORMED

CONCLUSION ................................................................................37

CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF APPELLATE
PROCEDURE 32(A) ........................................................................38

ANTI-VIRUS CERTIFICATION FORM ............................................39

CERTIFICATE OF SERVICE ...................................................... 40-42

# <u>TABLE OF AUTHORITIES</u>

**Cases**

<u>39 Cortlandt St. Corp. v. Lambert</u>, 209 A.D. 575, 205 N.Y.S. 161 (N.Y. Sup.Ct. App., 1st Dept. 1924)..............................................................................20

<u>Acer v. Wescott</u>, 1 Sickels 384, 46 N.Y. 384, 7 Am.Rep. 355 (N.Y. Ct. App. 1871) ..........................................................................................................22

<u>Allison & VerValen</u>, 170 Misc. 144, 9 N.Y.S.2d 708 (Sup.Ct. 1939) ....................17

<u>Anderson v. Blood</u>, 152 N.Y. 285, 46 N.E. 493, 6 E.H. Smith 285, 152 N.Y. 285 (N.Y. Ct. App. 1897) ...................................................................................23

<u>Application of Muratori</u>, 183 Misc. 967, 52 N.Y.S.2d 350 (Sup. Ct. 1944) ...........23

<u>Aronoff v. Albanese,</u> 85 A.D.2d 3, 446 N.Y.S.2d 368 (N.Y. App. Div. 1982) ......26

<u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (U.S. Ct. App. 9th Cir. 1990) ..........................................................................................................6

<u>Bank of America Nat. Ass'n v. Bassman FBT, L.L.C.,</u> 981 N.E.2d 1, 366 Ill.Dec. 936, IL App (2d) 110729 (Ill. App. 2nd Dist. 2012)................ 8,10,24, 25, 26, 27

<u>Bell Atlantic Corp. v Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 1960, 167 L.Ed. 2d 929 (U.S. Supreme Ct. 2007) .................................................6

<u>Birnbaum v. Birnbaum</u>, 117 A.D.2d 409, 503 N.Y.S.2d 451 (Sup. Ct. App. Div., 4th Dept. N.Y. 1986) .................................................................................26

v

Bishop v. Maurer, 73 A.D.3d 455, 899 N.Y.S.2d 612, N.Y. Slip Op. 03840 (2010) ..................................................................................................35

Boscowitz v. Held, 18 Misc. 674, 43 N.Y.S. 818 (Sup. Ct. 1896)............ 18, 20, 21

C.I.R. v. Bosch's Estate, 387 U.S. 456, 87 S. Ct. 1776, 18 L. Ed. 2d 886(U.S. Supr. 1967) ....................................................................................................9

Calderon v. Bank of Am. N.A., 941 F. Supp. 2d 753, WL1741951 (U.S. Dis. Ct., W.D. Tex. 2013) ............................................................................ 26, 27

Carney v. Philippone, 1 NY3d 333, 339 (2004) ......................................................30

Coleman v. Golkin, Bomback& Co., Inc., 562 F.2d 166, (U.S. Ct. App. 2nd Cir. 1977) .................................................................................................14

Conservative Party of the State of N.Y. v. New York State Bd. of Elections, 170 Misc. 2d 885, 652 N.Y.S.2d 463 (Sup. Ct. 1996) ...............................................26

Conway v. White, 292 F. 837, (U.S Ct. App. 2nd Cir. 1923) ................................15

Crowe v Henry, 43 F.3d 198, 203 (U.S. Ct. App. 5th Cir. 1995)...................... 7, 10

Cruger v. Jones, 18 Barb. 467 (N.Y. Gen. Term. 1854)...................... 16, 22, 33, 34

Curley v. Perry, 246 F.3d 1278, 1281-82 (U.S. Ct. App. 10th Cir. 2001). ..............7

Cuthbert v. Chauvet, 136 N.Y. 326, 32 N.E. 1088, 18 L.R.A. 745,91 Sickels 326, 49 N.Y. St. Rep. 671 (N.Y. Ct. App. 1893) ........................................................34

Douglas v. Cruger, 35 Sickles 15, 80 N.Y. 15 (N.Y. Ct. App. 1880) ....................34

<u>Dye v. Lincoln Rochester Trust Co.</u>, 40 A. D. 2d 583, 334 N.Y.S. 2d 402 (N.Y

    Sup. App. Div. 4th Dept. 1972); Affirmed 31 N.Y. 2d 1012, 294 N.E. 2d 207,

    341 N.Y.S. 2d 619 (N.Y. Ct. App. 1973) ............................................................19

<u>English v. McIntyre</u>, 29 A. D. 439, 51 N.Y.S. 697 (N.Y. Sup. Ct., App. Div., 1st

    Dept. 1898) ....................................................................................................28

<u>Exxon Corp. v. Wisconsin Dep't of Revenue</u>, 447 U.S. 207, 100 S. Ct. 2109, 65 L.

    Ed. 2d 66 (U.S. Supr. 1980) .........................................................................9

<u>Farmer's Loan Trust Co. v. Winthrop</u>, 238 N.Y. 477, 144 N.E 686, 4 A.F.T.R.

    4809(N.Y. Ct. App.1924) ..............................................................................36

<u>Feldman v. Torres</u>, 34 Misc. 3d 47, 939 N.Y.S.2d 221, 2011 N.Y. Slip Op. 21438

    (N.Y. App. Term 2011) ..................................................................................26

<u>Frey v. City of Herculaneum</u>, 44 F.3d 667, 671 (U.S. Ct. App. 8th Cir. 1995) ........7

<u>Gerald v. McCormick,</u> 85 Sickels 261, 130 N.Y. 261, 29 N.E. 115, 41 N.Y.St.Rep.

    284 (N.Y. Ct. App. 1891) .............................................................................23

<u>Greagan v. Buchanan,</u> 15 Misc. 580, 72 N.Y.St.Rep. 115, 37 N.Y.S. 83 (N.Y. Sup.

    Ct. Spe. Term. 1896) ....................................................................................26

<u>Hackett v Hackett</u>, 34 Misc.3d 1233(A), 950 N.Y.S.2d 608, N.Y. Slip Op.

    50356(U), WL 6689525 (N.Y. Sup. Ct., Kings County 2012) ............................26

<u>Hackett v. Hackett</u>, 115 A.D.3d 800, 982 N.Y.S.2d 167, N.Y. Slip Op. 01715

    (N.Y. Sup. Ct., App. Div., 2nd Dept. 2014) ......................................................27

In re Lamoree, 140 A.D. 650,125 N.Y.S. 1005 (App. Div. 4th Dept. 1910) ..........29

In re Mills, 22 Misc. 629, 50 N.Y.S. 966 (Sup. Ct. N.Y. Spec. Term New York

    County, 1898); Affirmed, 28 A.D. 258, 50 N.Y.S. 995 (Sup. Ct. App. Div. 1st

    Dept. N.Y 1898) ...........................................................................................17

In re Naarden Trust, 195 Ariz. 526, 990 P.2d 1085, 297 Ariz. Adv. Rep. 36 (Ariz.

    Ct. App. 1999) ..................................................................... 12, 13, 15

In re Pepi, 268 A.D.2d 477, 701 N.Y.S.2d 915, 916 (2000) ...................................25

In re Pepi, No. 266193, WL 34571234 at*3 (N.Y.Sur.Ct. Nassau County June 13,

    1996) .............................................................................................................19

In re Searles' Will, 82 N.Y.S.2d 219 (N.Y. Sur.Ct. Kings County 1948) ..............11

In re Vebeliunas, 252 B.R. 878, 45 Collier Bankr.Cas.2d 137 (U.S. Bankr. Ct.

    S.D.N.Y. 2000) ............................................................................................14

In re Waskew, 191 B.R. 34 (U.S. Bankr. S.D.N.Y. 1995) ......................................15

J. D. L Corp v. Bruckman, 171 Misc. 3, 11 N.Y.S. 741, (N.Y. Supr. Ct. Albany

    County 1939) ................................................................................................15

Johnson and others v. Fleet, 14 Wend 176 (Sup. Ct. Jud. N.Y. 1835) ...................29

Johnson v. Frankel, 520 U.S. 911, 117 S.Ct. 1800, 138 L.Ed.2d 108 (U.S. Supr.

    1997) ...................................................................................................... 9, 10

King v. Talbot, 1 Hand 76, 40 N.Y. 76 (N.Y. Ct. App. 1869) ...............................28

Kirsch v. Tozier, 143 N.Y. 390, 38 N.E. 375, 98 Sickels 390 (N.Y. Ct. App. 1894)
................................................................................................................23

Livonia Property Holdings, 717 F.Supp.2d at 735–36 ...........................................26

Local 100 Transport Workers Union AFL-C10 v. Rosen, Not Reported in
F.Supp.2d..., 41 Employee Benefits Cas. 2241, WL 204511 (S.D.N.Y. 2007)...19

Majewski v. Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 (1998).......30

Matter of DaimlerChrysler Corp. v. Spitzer, 7 NY3d 653, 660 (2006)...................30

Matter of Malone Family Trust, 79 A.D. 3d 1214, 913 N.Y.S. 2d 787, N.Y. Slip
Op. 08832 (U.S. Sup. Ct., App. Div., 3rd Dept. 2010) .........................................36

Matter of New York Post Corp. v. Leibowitz, N.Y.2d 677, 163 N.Y.S.2d 409, 143
N.E.2d 256 (1957) ................................................................................................31

Meckel v. Continental Resources Co., 758 F.2d 811, Fed. Sec. L. Rep. P 91,
980(U.S. Ct. App., 2nd Cir. 1985) .......................................................................37

Mooney v Madden, 193 A.D. 2d 933, 597 N.Y.S. 2d 775 (N.Y. Sup. Ct., App.
Div., 3rd Dept. 1993)........................................................................... 24, 27, 28

National Black Theatre Workshop Inc. v. Nubian Properties LLC, 89 A.D.3d 518,
932 N.Y.S.2d 466, 467 (2011) ..........................................................................26

New York v. Ferber, 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113, 8 Media L.
Rep. 1809 (U.S. Supr. 1982) ..............................................................................9

O'Donoghue v. Boies, 92 Hun 3, 73 N.Y.St.Rep. 10, 37 N.Y.S. 961 (N.Y. Sup. Ct.,

Gen. Term, 4th Dept. 1895)...................................................................34

Olmsted v. Pruco Life Ins. Co. of N.J., 283 F.3d 429, 432 (U.S. Ct. App. 2nd Cir.

2002) ..........................................................................................7

Omrazeti v. Aurora Bank FSB,  No. SA:12–CV–00730–DAE, 2013 WL 3242520

(W.D.Tex. June 25, 2013) .......................................................... 26, 27

Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 520 (U.S. Ct. App. 9th Cir.

1994) ..........................................................................................7

Priessenger v. Sharp, 27 Jones & S 315, 59 N.Y.Super.Ct. 315, 39 N.Y.St.Rep.

260, 14 N.Y.S. 372 (N.Y. Super.Ct. Gen. Term. 1891) .......................... 21, 22, 33

Rajamin v. Deutsche Bank Nat. Trust Co., 757 F.3d 79,WL 2922317 (U.S. App.

Ct., 2nd Cir. 2014) ............................................... 2, 4, 8, 10, 11, 24, 25, 28, 30, 31

Rankin, ex rel. Bd. of Ed. v. Shanker, 23 N.Y.2d 111, 295 N.Y.S.2d 625, 242

N.E.2d 802 (1968) ...............................................................................31

Scanlan v. Texas A&M Univ., 343 F.3d 533, 536 (U.S. Ct. App. 5th Cir. 2003) ....7

Suarez v. De Montigny, 1 A.D. 494, 37 N.Y.S. 503, 73 N.Y.St.Rep. 95 (1896);

Affirmed, 153 N.Y. 678, 48 N.E. 1107, 7 E.H. Smith 678 (N.Y. Ct. App. 1897)

........................................................................... 202, 5, 8,

Uhl v. Loughran, 4 N.Y.S. 827, 16 N.Y.Civ.Proc.R. 386, 52 Hun 611, 22

N.Y.St.Rep. 459, (N.Y. Sup. Ct., Gen. Term, 1st Dept. 1889) ...........................34

Wardius v. Oregon, 412 U.S. 470, 93 S. Ct. 2208, 37 L. Ed. 2d 82 (U.S. Supr.

    1973) ..................................................................................................9

Washburn v. Rainer, 149 A.D. 800, 134 N.Y.S. 301 (1912).....................................25

Wells Fargo Bank, N.A. v. Erobobo, 39 Misc. 3d 1220(A), 972 N.Y.S.2d 147,

    N.Y. Slip Op. 50675(U) (Sup. Ct. 2013) (Unpublised) .......................................36

Wetmore v. Porter, 47 Sickels 76, 92 N.Y. 76 (N.Y. Ct. App. 1883) ....................23

Williamson v. Berry, 49 U.S. 495, 8 How. 495, 12 L.Ed. 1170 (U.S. Supr. 1850)..................... 10

**Statutes**

§ 65 of the Statute of Uses and Trust (1 R.S. 730) ....................................................29

§ 85..............................................................................................................................29

§ 87..............................................................................................................................29

*1 Rev. ST. 730 § 65* ...................................................................................................10

18 U.S.C. § 1961 et seq................................................................................................1

18 U.S.C. §1961-1968 ............................................................................................ 3, 26

28 U.S.C § 1291 ................................................................................... 1, 7, 33, 36

28 U.S.C § 1295(a)(2)...................................................................................................1

28 U.S.C § 1367 ...........................................................................................................1

28 U.S.C § 1391, et seq................................................................................................1

*67th section, 1 R. S. 730*............................................................................................29

EPTL 7-1.14.................................................................................................................35

IRC Code § 860 et seq ....................................................................................33

*McKinney's EPTL § 7-1.18 Funding of lifetime trust* .................................35

New York E.P.T.L §7-1.18 ......................................................................... 35, 36

New York E.P.T.L.  § 7-2.4. ........................................................................ 2-36

*Revised Statutes of the State of New York, Volume I, 1829, page 730* ...................18

U.S.C § 1965 ............................................................................................... 1, 15

    **Rules**

F.R.C.P. 12(b)(6) .........................................................................................6, 7

    **Publications**

*Austin W. Scott & William, Fratcher, The Law of Trusts §§ 2.3-2.6 at 40-48.  (4th e*

    *1987-89)* ...............................................................................................13

*Austin W. Scott, the nature of the rights of the Cestui Que Trust, Volume XVII,*

    *Columbia Law Review, June 1917, No. 6* ..........................................14

Reading the law: The Interpretation of Legal Texts, Justice Antonin Scalia, Bryan

    A. Garner ..............................................................................................31

*Restatement (Second) of Trust § 17* .......................................................13

*Restatement (Second) of Trusts* (1959) ...................................................12

*TEX. Prop. Code Ann. §111.004 (4) West 1984* .....................................13

## INTRODUCTION

This is an appeal from the Order of the United States District Court for the Southern District of New York of March 24, 2014 (**A23-A24**) Granting Defendants' Motion to Dismiss and dismissing the Appellants' Complaint pursuant to F.R.C.P. 12(b)(6).

## STATEMENT OF JURISDICTION

The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 1961 et seq. and 28 U.S.C § 1367. Venue was proper before the District Court pursuant to U.S.C § 1965 and 28 U.S.C § 1391, et seq.

The United States Second Circuit Court of Appeals has jurisdiction under 28 U.S.C § 1295(a)(2) pursuant to 28 U.S.C § 1291.

## STATEMENT OF THE ISSUE OF THE CASE

1. Whether the Federal Court has no authority to construe the State statute differently from the construction rendered by the State's highest court, regardless of whether the State rule is procedural or substantive.

2. Whether the Pooling and Servicing Agreement (hereinafter referred to as "the PSA") is not a contract but a trust indenture that prescribes the creation and operation of the trust by operation of law.

3. Whether under New York Law, third-parties that are not beneficiaries of the trust can raise claims and defenses because of acts of the trustee in

1

contravention of the trust indenture, in an action brought by said third-parties against said trustee.

4. Whether the District Court below, and the Second Circuit Court of Appeals used inapplicable cases law in supporting their decisions.

5. Whether the District Court, other lower courts, and this Court in <u>Rajamin</u> failed to properly construe, interpret, and apply New York E.P.T.L. § 7-2.4.

6. Whether the ratification of any act in contravention to the trust indenture by the beneficiary is precluded by the provision of the same indenture, the PSA, and by operation of law.

7. Whether the trustee had no standing because the trust, by operation of law, was never validly formed.

# STATEMENT OF THE CASE

### A. Procedural history

On January 25, 2013, the Plaintiffs/Appellants (hereinafter referred to as "Appellants") filed their Complaint and jury demand against the Defendants/Appellees (hereinafter referred to as "Appellees") (**A25-A44**).  The Complaint alleged civil violations under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961-1968 (hereinafter referred to as "RICO") against the Appellees.  On March 15, 2013 the Complaint was amended to add additional Plaintiffs/Appellants (**A47-A76**).  Service of the Complaint was on all Appellees between May 17, 2013 and June 6, 2013 (**A15-A16; A19-A20**).   On August 2, 2013 the Appellees filed a Joint Motion to Dismiss the Amended Complaint under F.R.C.P. 12(b)(6) or alternatively to Sever Plaintiffs, accompanied by a memorandum of law (**A21**).  This motion was filed after the court granted the Appellees an extension of time to answer or otherwise respond to the complaint, August 2, 2013 (**A22**).  On September 9, 2013, Appellants filed their opposition to the Motion after obtaining a stipulation extending the time to file an opposition to September 16, 2013 which also gave the Appellees an extension to file a reply to October 7, 2013 (**A22**).  On November 5, 2013, Judge Robert P. Patterson, Jr. heard oral argument on the Motion and Response in opposition thereto.  On November 6, 2013, as per the request of Judge Patterson

during oral argument, the Appellants filed a representative copy of the PSA in lieu of filing a copy of each PSA for each Appellants (**A23**).   On March 24, 2014, Judge Patterson rendered the decision and issued the Opinion and Order on the Joint Motion of the Appellees to Dismiss, granting the motion with prejudice and dismissing the case (**A23**).  Thereafter, Appellants timely filed their Notice of Appeal on April 15, 2014. On June 30, 2014, this Court rendered its decision in Rajamin v. Deutsche Bank Nat. Trust Co., 757 F.3d 79,WL 2922317 (U.S. App. Ct., 2nd Cir. 2014), which is addressed herein to the extent its findings apply to the instant matter.

   **B. <u>Statement of Facts</u>**

   This Appeal stems from a Federal Civil RICO action brought by more than thirty Appellants, in their respective capacities as borrowers/mortgagors against five (5) of the largest banks that operate as trustees for REMIC trusts and the REMIC trusts formed by them which have issued real estate mortgage base securities to investors; that have falsely and fraudulently claimed ownership of the loans while initiating foreclosure of  Appellants' respective properties while collecting mortgage payments from all Appellants.  The Appellants submit that the Appellees, by and through their agents, employees and/or representatives fraudulently collected mortgage installments payments and other payments from Appellants, knowingly and fraudulently foreclosed on the Appellants' mortgages

4

without having the right to do so, while representing to the Appellants and the District Court that they had such right. (**A56-A62**).

The court below decided that the Appellants lacked standing to bring an action against the Appellees because they were not in privity of contract nor were they the intended third-party beneficiaries to the PSA. The District Court accordingly ruled the Appellants could not raise defenses and claims based on the lack of standing of the trustee, failure to form a valid trust, and void acts of the trustee in contravention of the instrument creating the trust, which in the instant case is the PSA.   The District Court further erred because pursuant to New York law, as codified and in accordance with case law, the acts of the trustees in contravention to the instrument creating the trust are **void and not voidable.** (Emphasis added).  New York has codified the premise that such acts are void. (See New York Estates, Powers, and Trusts Law (E.P.T.L. §7-2.4).

The District Court granted the Appellees' Motion after arguments held on November 5, 2013 and rendered its written decision on March 24, 2014 (**A23**). The court accepted one representative PSA involved in the securitization of the loans (that of Appellant Elaine D. Phan), as representative of each and every PSA involved in the securitization of the loans of each Appellant with the consent of all parties. (**A78-A317**).

5

The District Court's decision rested on the basis that there was no cognizable legal theory or the absence of sufficient facts alleged in the cognizable theory.  In fact, the lower court determined that the Appellants had not privity of contract to raise the defenses and claims against the Appellees/Defendants, and were also not intended third-party beneficiaries of the alleged trust.  Additionally, the court below stated that if the assignments of the loans to the trustees would be void by operation of law, the Appellants would have standing. However, the lower court determined conversely that the assignments of the mortgages were *voidable and not void*, resulting in the  Appellants lacking standing to bring their action based upon acts of the trustees in contravention to the PSA as the basis for claims and/or defenses. (**A23**)

## C. <u>Standard of Appellate Review</u>

The standard of review is *De Novo* for review for the issues pursuant to dismissal under F.R.C.P. 12(b)(6)*.* <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (U.S. Ct. App. 9th Cir. 1990).  To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 1960, 167 L.Ed. 2d 929 (U.S. Supreme Ct. 2007). A motion to dismiss for failure to state a claim admits the facts alleged in the complaint but challenges the plaintiff's right to any

relief based on those facts. <u>Crowe v Henry</u>, 43 F.3d 198, 203 (U.S. Ct. App. 5th Cir. 1995).

On appeal, the court reviews a dismissal under F.R.C.P 12(b)(6) *de novo*. See <u>Scanlan v. Texas A&M Univ.</u>, 343 F.3d 533, 536 (U.S. Ct. App. 5th Cir. 2003); <u>Michigan Paytel Joint Venture v. City of Detroit</u>, 287 F.3d 527, 533 (U.S. Ct. App. 6th Cir. 2002); <u>Olmsted v. Pruco Life Ins. Co. of N.J.</u>, 283 F.3d 429, 432 (U.S. Ct. App. 2nd Cir. 2002); <u>Curley v. Perry</u>, 246 F.3d 1278, 1281-82 (U.S. Ct. App. 10th Cir. 2001). Accordingly, no deference is given to the trial court's original decision. See <u>Frey v. City of Herculaneum</u>, 44 F.3d 667, 671 (U.S. Ct. App. 8th Cir. 1995); <u>Peloza v. Capistrano Unified Sch. Dist.</u>, 37 F.3d 517, 520 (U.S. Ct. App. 9th Cir. 1994).

## D. <u>Summary of Argument</u>

The law applicable to the acts of the trustee, and to the trust, is New York law by choice of the trust grantors. The District Court may not refuse to correctly apply precedent decisions set by New York's highest court on questions of state law. In accordance with New York law, a trust is not a contract and the rights, obligations and duties of the trustee are imposed by operation of law as they do not arise out of contract. Additionally, under New York law, a third-party that who is not a beneficiary of the trust can raise claims and defenses against the trustee for acts of the trustee in contravention of the trust indenture. The New York Court of

7

Appeals has consistently held for almost two centuries that acts of the trustee in contravention to the instrument creating the trust are void. This holding has been reiterated by New York appellate courts, as well as by trial courts in line with the multitude of cases decided by the New York Court of Appeals acknowledging that acts of the trustee in contravention of the trust indenture are void. The New York case law, in conjunction with the New York E.P.T.L. § 7-2.4, are in direct opposition to the proposition espoused by the Illinois Appellate Court in the Bassman case, the District court below in this present case and District Court of Appeals in Rajamin case. The cases advanced by these courts for the proposition that the acts of the trustee in contravention to the trust indenture are voidable and not void are wholly inapplicable as the facts do not mimic the instant case. Each of those cited cases by the courts in supporting the voidable proposition is erroneously applied, because none of the cited cases involved acts of the trustee in contravention to the instrument creating the trust. Hence, New York E.P.T.L. § 7-2.4 did not apply to each of those instances.

Moreover, Appellant included a list (See **A375-A379**) of cases supporting Appellants' position going back to 1835. These decisions represent almost 200 years of New York jurisprudence consistency in the application of E.P.T.L § 7-2.4 statute.

8

# ARGUMENT

## POINT I

### THE FEDERAL COURT HAS NO AUTHORITY TO CONSTRUE A STATE STATUTE DIFFERENTLY FROM THE CONSISTENT CONSTRUCTION OF THE STATE'S HIGHEST COURT, WHETHER THE STATE RULE IS PROCEDURAL OR SUBSTANTIVE

#### New York Highest Court Interpretation Controls

The United States Supreme Court has held that no Federal Court nor any Federal Tribunal has the authority to place a construction on a state statute differently from the one rendered by the highest court of the state. Johnson v. Frankel, 520 U.S. 911, 117 S.Ct. 1800, 138 L.Ed.2d 108 (U.S. Supr. 1997); see also New York v. Ferber, 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113, 8 Media L. Rep. 1809 (U.S. Supr. 1982); Exxon Corp. v. Wisconsin Dep't of Revenue, 447 U.S. 207, 100 S. Ct. 2109, 65 L. Ed. 2d 66 (U.S. Supr. 1980); C.I.R. v. Bosch's Estate, 387 U.S. 456, 87 S. Ct. 1776, 18 L. Ed. 2d 886(U.S. Supr. 1967). This doctrine applies regardless of whether the issue of law is procedural or substantive in nature. Id. Wardius v. Oregon, 412 U.S. 470, 93 S. Ct. 2208, 37 L. Ed. 2d 82 (U.S. Supr. 1973). Accordingly, neither the District Court nor the reviewing court shall impose its interpretation of New York law on the construction of the trust indenture (PSA) which was created pursuant to be construed under New York law. (See **A214** at **Section 10.03** of the PSA).

9

In Williamson v. Berry, the United States Supreme Court specifically acknowledged the codification of the prior laws that led to the New York E.P.T.L. statute (which Appellants submit has essentially not changed ever since that time): *"There is now a general law in New York, that a conveyance by a trustee, in contravention to the trust is void 1 Rev. ST. 730 § 65. This is not but an extension to all cases of the principle established for this case by these private acts"*. Williamson, 49 U.S. 495, 8 How. 495, 12 L.Ed. 1170 (U.S. Supr. 1850).

The District court below and Second District Court of Appeals in Rajamin have, in contravention of the holding in Johnson v. Frankel, adopted the position that such acts by the trustee are voidable, and in doing so have failed to apply the precedent set by the New York Court of Appeals, the highest court of New York state (See A414-A18).  Instead, these courts have adopted the interpretation of the New York Trust Law made by the Illinois Appellate Court in Bank of America Nat. Ass'n v. Bassman FBT, L.L.C., 981 N.E.2d 1, 366 Ill.Dec. 936, IL App (2d) 110729 (Ill. App. 2nd Dist. 2012).  The Bassman court did not follow the almost two centuries of jurisprudence and precedent under New York state law, which specified that acts of trustee in contravention to the instrument creating the trusts are void.

Appellants submit that in light of the New York precedent, the decision in Bassman, and ultimately its application by the District Court and this Court's

10

application in <u>Rajamin</u> case were incorrect.  Those decisions relied upon case law

with one distinguishable fact pattern: none of the cited case law involved acts of

trustee in contravention to the instrument creating the trust.  Accordingly,

Appellants submit the decision of the District court below to grant Appellees'

Motion to Dismiss was incorrect because it relied upon inapplicable case law and

misapplication of New York E.P.T.L. § 7-2.4. Additionally, the decision in

<u>Rajamin</u> should be deemed inapplicable as to the preclusion of the appellants'

claims.

## **POINT II**

## **THE POOLING AND SERVICING AGREEMENT IS NOT A CONTRACT BUT A TRUST INDENTURE PRESCRIBING THE CREATION AND OPERATION OF THE TRUST BY OPERATION OF LAW**

The PSA is the instrument creating the trust that purports ownership of each

of the Appellants' mortgages. (See **A69-A76**).  These trusts, by nature of the

instruments creating each of them and naming their trustees, are established and

governed by New York law because of the choice of the grantors of those

respective trusts. (See **A214**).

Under New York law, a contract and a trust agreement are two different

constructs, and as such are treated differently.  <u>In re Searles' Will</u>, 82 N.Y.S.2d 219

(N.Y. Sur.Ct. Kings County 1948).  In the <u>In re Searles' Will</u> case, the state court

held that a trust agreement is not a contract between the parties but an agreement

that conveys the power to the trustee to follow the testamentary provisions. Accordingly, that does not give even the beneficiaries the right of creditors or standing to sue for contract violations, but only the standing to bring equitable actions for violation of fiduciary duties. The provisions in a trust agreement are legacies and do not create obligations of debtor and creditor.

This standard has been recognized in other states as well, as the Court of Appeals of Arizona held the same as the New York Court. In re Naarden Trust, 195 Ariz. 526, 990 P.2d 1085, 297 Ariz. Adv. Rep. 36 (Ariz. Ct. App. 1999). The Court of Appeals of Arizona citing the *Restatement (Second) of Trusts* (1959), stated that although one can convey property for the benefit of a third-party by the mechanism of a contract, with particular rights, obligations, and remedies, one can also do so by trust, *with different rights, obligations and remedies*. Id. at *2, Westlaw verion (emphasis added). According to the *Restatement*:

> "[i]f property is transferred by one person to another who agrees in consideration thereof to assume a personal liability to a third person, a contract for the benefit of the third person and not a trust is created. If property is transferred by one person to another who agrees to sell such property and to pay the proceeds ... to a third person, a trust of the property is created." Restatement (Second) § 14 Comment f. Thus, neither a contract for the benefit of a third party, nor a contract to convey property is a trust because the relationship between the buyer and seller is not a fiduciary in nature. See Restatement (Second) § 13Comment a."

The court in In re Naarden Trust continued citing the restatement:

> "Not only does the nature of the relationship between the parties differ between contract and trust, but the nature of the parties' interests also differ.

*This difference affects who may enforce an agreement to convey property, the applicable statute of limitations, and the manifestation of intent required of the person conveying the property. See id. § 14 cmt. c, d, and f. For example, the beneficiary of a trust gains a beneficial interest in the trust property while the beneficiary of a contract gains a personal claim against the promissor. See id.§ 14 cmt. a. A fiduciary relationship therefore exists between a trustee and a beneficiary, while no such relation exists between parties to a contract, id. § 14 cmt. b, and the remedies of a beneficiary against a trustee "are ordinarily exclusively equitable." Id. § 74 cmt. a.*

*Moreover, the trustee's fiduciary duties "result from the trust relation, and are not based upon an agreement or contract, and are enforceable even though the trustee received no consideration." Id. See also id. § 169 cmt. C (the trustee's duties "are not contractual in nature"). This distinction is clarified in the RESTATEMENT'S discussion of the beneficiary's remedies. "A trustee who fails to perform his duties ... is not liable to the beneficiary for breach of contract.... The creation of a trust is conceived of as a conveyance of the beneficial interest in the trust property rather than as a contract." Id. § 197 cmt. b."*

In re Naarden Trust, supra. Id. at * 2-3 of the Opinion, Westlaw version.

Accordingly, a trust is defined by this restatement as a fiduciary relationship with respect to property. *Restatement (Second) of Trust § 2 (1959).* This definition of a trust is adhered to and recognized universally. See e.g. *TEX. Prop. Code Ann. §111.004 (4) West 1984,* and see e.g. *Austin W. Scott & William, Fratcher, The Law of Trusts §§ 2.3-2.6 at 40-48. (4th e 1987-89).* That a trust is not a contract is highlighted by the fact that a trust may be unilaterally created by a declaration of the owner of the property that it holds it as trustee for another person. *Restatement (Second) of Trust § 17.* This underscores the differences between a contract and a trust, since in a declaration of trust, the settlor remains the legal owner but the

13

declaration is treated as having transferred the beneficial interest to the beneficiary. The settlor declares himself as the trustee for the beneficiary. *Austin W. Scott, the nature of the rights of the Cestui Que Trust, Volume XVII, Columbia Law Review, June 1917, No. 6.* It is this difference and the fact that the rights, powers, obligations in a trust do not arise out of contract relationship but arise under State law. Therefore determining the issue of the contravention of the trust indenture is not contingent upon privity of contract, nor on being an intended third-party beneficiary. And the analysis based thereon is erroneous application of contract doctrine leading to erroneous decisions by the courts that construe the PSA as a contract. In actuality, it shall be construed simply as the instrument creating the estate of the trust and from which the trustee derives its rights to act *ad extra* and *ad intra*.

Furthermore, a trust is not a corporation because among other things a trust is not capable of having and an alter ego; the trust is a relationship, a certain kind of duty or obligation. It is wholly a juridical device: the legal relationship between parties with respect to property that is the subject matter, including not merely the duties that the trustee owes to the beneficiary but to the rest of the world. In re Vebeliunas, 252 B.R. 878, 45 Collier Bankr.Cas.2d 137 (U.S. Bankr. Ct. S.D.N.Y. 2000), Coleman v. Golkin, Bomback& Co., Inc., 562 F.2d 166, (U.S. Ct. App. 2nd Cir. 1977) (citing *Restatement (Second) of Trust § 2, (1959)*); See also *15 Law*

14

*Quarterly Review 294, 301 (1899).* A trust cannot sue on its own behalf. <u>J. D. L Corp v. Bruckman</u>, 171 Misc. 3, 11 N.Y.S. 741, (N.Y. Supr. Ct. Albany County 1939). A distinct difference exists between a contract and a trust. They are not necessarily one in the same and should not be construed as such. <u>Conway v. White</u>, 292 F. 837, (U.S Ct. App. 2nd Cir. 1923).

New York law, as the law controlling the document creating the trust in this case, is unambiguous. The trustee's duties arise under state law, not under any underlying contracts, and the duties of the trustee exist independent of any contractual obligations. <u>In re Waskew</u>, 191 B.R. 34 (U.S. Bankr. S.D.N.Y. 1995). Therefore, the undertaking or promises in the trust instrument are not contractual and should not be treated as such. The court of *<u>In Re Naarden</u>* held that a trust is not a contract and the duties of the trustee are not contractual, and that the duties of the trustee are not construed as contractual duties but are governed by state trust law. *Supra.[1]*

In <u>Rachal v. Reitz,</u> the Texas Court of Appeals held that the duties of a trustee stem from duties implied by law and the relationships that arised out of a

---

[1] The following decisions demonstrate that this reasoning is accepted throughout the country: <u>Nixon v. Wilmington Trust Co.</u>, Not Reported in F.Supp.2d, WL 2156654, (unreported) (U.S. Dis. Ct. N. District Ohio, July 25, 2007); Affirmed543 F.3d 354, WL 4378091(U.S. Ct. App., 6th Cir. 2008); see also <u>Rachal v. Reitz</u>, 347 S.W. 3d 305, WL 2937442 (Tex. App. 2011); <u>Broyhill of America v. Bank of America</u>, Not Reported in F.Supp.2d, WL 3937400 (Not Reported) (U.S. Dis. Ct. E.D. Virginia 2010).

trust are not "contractual...as the creation of a trust is concerned with a conveyance of the beneficial interest in the trust property." <u>Rachal v. Reitz</u>, 347 S.W. 3d 305, WL 2937442 (Tex. App. 2011) (citing <u>Schoneberger v. Oelze</u>, 208 Ariz. 591, 96 P.3d 1078,433 Ariz. Adv. Rep. 16 (Ariz. Ct. App. 2004)). This is the precise analysis that should be used in determining the construction of the acts of the trustee in the instant case.

## <u>POINT III</u>

### <u>UNDER NEW YORK LAW, THIRD PARTIES THAT ARE NOT BENEFICIARIES OF A TRUST CAN RAISE CLAIMS AND DEFENSES RESULTING FROM ACTS OF THE TRUSTEE IN CONTRAVENTION OF THE TRUST INDENTURE, IN ACTIONS BETWEEN THE THIRD PARTIES AND THE TRUSTEE</u>

Over the last two centuries, it has been sound law in New York that a trust is not a contract but the instrument and entity by which a conveyance of beneficial interest of the trust property to the beneficiary is affected.  Accordingly, the case law has reflected that an act of the trustee in contravention of the instrument creating the trust is void. <u>Cruger v. Jones</u>, 18 Barb. 467 (N.Y. Gen. Term. 1854). This premise of voiding the instrument creating the trust holds true even where the beneficiary participates in the act. The assertion that acts of a trustee in contravention to the instrument creating the trust are void has been used as a defense and successfully recognized by the New York Courts. Additionally, it has been recognized as a valid defense for third-parties that raised it when the trustee

16

and/or beneficiaries of the trust sought to enforce obligations entered with these parties by the trustees, when the trustees acted in contravention of the provisions of the trust indenture. See In re Mills, 22 Misc. 629, 50 N.Y.S. 966 (Sup. Ct. N.Y. Spec. Term New York County, 1898); Affirmed, 28 A.D. 258, 50 N.Y.S. 995 (Sup. Ct. App. Div. 1st Dept. N.Y 1898).

In In re Mills, the trustee sought to enforce a sale to a successful bidder in a public auction for a real estate property and the successful bidder raised the defense that the sale of the property in the auction was in contravention to the trust indenture, the instrument creating the trust, and the court found for the successful bidder (purchaser). The sale was null and void. Id. In re Mills, at *4, Westlaw version. Importantly, the successful bidder was not in privity to the trust creation agreement and/or the instrument creating the trust nor was the successful bidder an intended third-party beneficiary.

The court in Allison &VerValen Co. v. McNee, came to the same decision when it held that it is a principle of the law of trust that a trustee has only the authority granted by the instrument under which he holds, either Deed or will. Allison & VerValen, 170 Misc. 144, 9 N.Y.S.2d 708 (Sup.Ct. 1939). In Boscowitz v. Held, a case with almost exactly the same fact pattern as the instant case, the court relied upon the same principle of the New York Trust Law when it upheld the defense against a purchase that the trustee sought to enforce. Boscowitz v.

17

Held, 18 Misc. 674, 43 N.Y.S. 818 (Sup. Ct. 1896). There, the trustee was seeking to enforce a promise to purchase a property that the purchaser offered to buy in the context of a foreclosure sale, when the purchaser refused to complete the purchase and raised the defense of violation of the trust instrument by the trustee. The court citing New York Trust Law, found that state law specifically provided that "*where the trust is or shall be expressed in the instrument creating the estate, every sale conveyance or other act of the trustee, in contravention of the trust, shall be absolutely void.*" Boscowitz, at *3 (emphasis added) (analyzing E.P.T.L. § 7-2.4 and relying upon *Revised Statutes of the State of New York, Volume I, 1829, page 730*). Once again, the purchaser had standing despite not being a party to the trust nor being an intended third-party beneficiary.

It is a total absurdity and an unsupported proposition that under the New York Trust Law, third parties that are not beneficiaries of the trust cannot raise defenses to the trustee actions based on the violation of the trust indenture. In the instant case, the language of the PSA expressly designates New York law as the applicable law to the trust (See Appendix at **A214**). Therefore, the trust indenture must be interpreted in accordance with New York law. This same interpretation must be used in analyzing the acts of the trustee. Regardless of the forum, the court must decide matters related to the PSA in accordance with the choice of law provision of the PSA, and apply New York law. The court below failed to

18

acknowledge that a trust instrument is not a contract.  It further failed to realize that under New York Trust law, and under the majority of the jurisdictions, the duties and obligations of the trustee of a trust are governed by the application of trust law whether statutory and/or case law but not by contractual provisions. Moreover, the trust instrument while being an agreement, is not a contract and the obligations and remedies created by it are not contractual. See Local 100 Transport Workers Union AFL-C10 v. Rosen, Not Reported in F.Supp.2d..., 41 Employee Benefits Cas. 2241, WL 204511 (S.D.N.Y. 2007)

Under New York law, the rights of a third-party, who is not a trust beneficiary, to raise defenses under the trust instruments creating the trust has been recognized consistently.  A person that is aware of the existence of the trust, is charged with knowledge of the instrument and has the duty to ascertain the provisions therein, that he or she may raise defenses in good faith...for acts of the trustee in contravention of the trust indenture.  See In re Pepi, No. 266193, WL 34571234 at*3 (N.Y.Sur.Ct. Nassau County June 13, 1996); see also Dye v. Lincoln Rochester Trust Co., 40 A. D. 2d 583, 334 N.Y.S. 2d 402 (N.Y Sup. App. Div. 4th Dept. 1972); Affirmed 31 N.Y. 2d 1012, 294 N.E. 2d 207, 341 N.Y.S. 2d 619 (N.Y. Ct. App. 1973). In 39 Cortlandt St. Corp. v. Lambert, a third-party non-beneficiary prevailed in challenging the trustee's contravention action.  39 Cortlandt St. Corp. v. Lambert, 209 A.D. 575, 205 N.Y.S. 161 (N.Y. Sup.Ct. App.,

1st Dept. 1924); see also <u>Suarez v. De Montigny</u>, 1 A.D. 494, 37 N.Y.S. 503, 73

N.Y.St.Rep. 95 (1896); Affirmed, 153 N.Y. 678, 48 N.E. 1107, 7 E.H. Smith 678

(N.Y. Ct. App. 1897).  Also, in <u>Suarez v. DeMontigny,</u> the court held that when a

third-party is dealing with the trustee, he or she is bound to inquire and ascertain

what the terms of the trust agreement were, and what powers the trustee had as to

disposition of the trust estate in order to have a defense or a claim against the acts

of trustee in contravention of the trust indenture.  Clearly, the case law does not

insulate the trustee from actions, based upon the trustee's contravention of the trust

indenture, when such actions are brought by a non-beneficiary third-party with no

privity to the trust. New York Trust law supports this jurisprudence: "*If the trust is*

*expressed in the instrument creating the estate of the trustee, every sale,*

*conveyance <u>or other act of the trustee in contravention of the trust</u>, except as*

*authorized by this article and by other provision of law, is void.*" E.P.T.L. §7-2.4

(emphasis added)".

    All acts of the trustee in contravention with the PSA provisions are void by

operation of law.  Accordingly, under this law, a third party non-beneficiary may

raise these contraventions as the basis for claims against the trustee, or as a

defense.  Therefore, the status of privity of contract is inapplicable because a trust

is not a creature of contract, but of trust law.  This reasoning was echoed in

<u>Boscowitz</u> which found:

*"Under these circumstances there can be little doubt that it is within the power of the court to relieve this purchaser from his obligation to complete, and that it is its duty to do so, not only on his account, but also that it may free itself from any complicity in the violation of a trust which, in the exercise of one of its most important jurisdictions, it is required to protect."* <u>Boscowitz v. Held</u>, 18 Misc. 674, 43 N.Y.S. 818 (Sup. Ct. 1896).

This case involved a property that the purchaser refused to complete the transaction due to act of trustee in contravention of the trust indenture. The purchaser properly raised the contravention defense although he was not a party to the trust.

The jurisprudence is indisputable over two centuries in New York case law, allowing a third-party non- beneficiary to the trust agreement to raise claims and/or defense based upon acts of trustee in contravention to the trust instrument. In <u>Priessenger v. Sharp</u>, 27 Jones & S 315, 59 N.Y.Super.Ct. 315, 39 N.Y.St.Rep. 260, 14 N.Y.S. 372 (N.Y. Super.Ct. Gen. Term. 1891), the trustee sold a property to the plaintiff when the trustee did not have the power to do so because the property was prohibited from taking such transaction by the will that created the trust instrument. The court clarified the standard of what constituted a void act when it held *"where the trust is or shall be expressed in the instruments creating the estate, every sale, conveyance, or other act of the trustee, in contravention of the trust, shall be absolutely void."* <u>Id.</u> <u>Priessenger</u>, at *3, Westlaw version. The purchaser was not in privity to the instrument creating the trust and was not the beneficiary of the trust.

21

It is also highly illustrative that the Priessenger and Cruger courts held that even if the beneficiary participated in the violation of the instruments by pursuing the violated acts together with the trustee and/or condoning it, still the acts in contravention to the trust instrument creating the trust were void. The Priessenger court stated *"In such a case the rule is that the trustee cannot destroy the trust by uniting with the beneficiary in a conveyance of the trust property"*. Id. Priessenger, at *3, Westlaw version.   Similarly, in Cruger decision, the court also stated as follows, in reference to the strength of the statutory provision that was the precursor to, and essentially the same language as the current New York Trust law, E.P.T.L. § 7-2.4:

> *"Large as its jurisdiction is, both in law and equity, I know of no such power, even in the supreme court, to dispense with the enactments of the legislature, and make that valid which the law-giver has declared "shall be void." The parties interested sanction (it is said) the act, and desire that it may be done. But the law says, in such a trust, the parties beneficially interested cannot assign or in any manner dispose of their interest. How then can their consenting to, or joining in, the mortgage, improve its efficiency? It is void as the act of the trustee, and void as the act of the beneficiary, and must therefore, in this view, be void in toto...."*. Id. Cruger vs. Jones, at *2, Westlaw version (emphasis added).

The court when expressing the doctrine that those who transact with a trust are regarded as having constructive notice of the terms of the trust expressed "the General Rule that those dealings with trustees are affected with notice of the terms of the trust". As illustrated in Acer v. Wescott, 1 Sickels 384, 46 N.Y. 384, 7 Am.Rep. 355 (N.Y. Ct. App. 1871); Wetmore v. Porter, 47 Sickels 76, 92 N.Y. 76

22

(N.Y. Ct. App. 1883); <u>Gerald v. McCormick,</u> 85 Sickels 261, 130 N.Y. 261, 29

N.E. 115, 41 N.Y.St.Rep. 284 (N.Y. Ct. App. 1891); <u>Kirsch v. Tozier</u>, 143 N.Y.

390, 38 N.E. 375, 98 Sickels 390 (N.Y. Ct. App. 1894); <u>Anderson v. Blood</u>, 152

N.Y. 285, 46 N.E. 493, 6 E.H. Smith 285, 152 N.Y. 285 (N.Y. Ct. App. 1897).

These cases law shared similar holding that claims and defenses based on acts of

trustee in contravention to the instrument creating the trust are available to third-

parties that are not parties to the trust agreement and are not intended third-party

beneficiaries.

      Third-parties, dealing with the trustee, are charged with the duty to inquire

about the terms of the trust indenture in order to be able to raise a claim for acts of

contravention. The court of <u>Application of Muratori</u>, 183 Misc. 967, 52 N.Y.S.2d

350 (Sup. Ct. 1944), stated:

> *"if the trust is expressed in the assignment of the mortgage to the trustee, in the proceeding before this court, the petitioners are not only charged with notice of the existence of a trust, but they are also charged with notice of the powers of the trustee and as to whether or not the assignment from the trustee was in breach of the trust."* <u>Id.</u> <u>Muratori</u>, supra, at *4, Westlaw version.

      It is indisputably that New York law gives the right to third-parties to raise

claims and defenses against the trustee for acts of the trustee in contravention to

the trust indenture.

## POINT IV

## THE LOWER DISTRICT COURT AND THE SECOND CIRCUIT COURT OF APPEALS USED INAPPLICABLE CASES LAW SUPPORTING THEIR DECISIONS

The Illinois Appellate Court in <u>Bassman</u>, found that the act of trustee in contravention to the PSA was a *voidable* act and not a *void* act, based on a wrongful analysis of several supporting cases. <u>Bank of America Nat. Ass'n v. Bassman FBT, L.L.C.,</u> 981 N.E.2d 1, 366 Ill.Dec. 936, IL App (2d) 110729 (Ill. App. 2nd Dist. 2012). Both the District Court in the present case and the Second District Court of Appeals in <u>Rajamin</u> adopted the analysis in <u>Bassman</u>. <u>Rajamin v. Deutsche Bank Nat. Trust Co.</u>, 757 F.3d 79, WL 2922317 (U.S. App. Ct., 2nd Cir. 2014).

While some of the cases cited in supporting the <u>Bassman</u> court's decision were actually in contrary to <u>Bassman</u> court's conclusion. The remaining cited cases were wrongfully applied to New York E.P.T.L. §7-2.4. First, we will address <u>Mooney v. Madden</u> and <u>Washburn v. Rainier,</u> the two central cases that were used in supporting "voidable" decision by the <u>Bassman</u> court, then those two cases were recited by both the lower District court in the present case and the <u>Rajamin</u> court. In the case of <u>Mooney v Madden</u>, 193 A.D. 2d 933, 597 N.Y.S. 2d 775 (N.Y. Sup. Ct., App. Div., 3rd Dept. 1993), the <u>Bassman</u> court misread the controversial agreement involved in <u>Mooney v. Madden</u> as the agreement creating

24

the trust (trust instrument), when in reality it was an agreement between the trustees and not the trust agreement, thus it was a misapplication of the statute New York E.P.T.L §7-2.4.  The misreading of Mooney led the Bassman court to conclude trustee's act of contravention to the instrument creating the trust is only *voidable*, and not void.  See Appendix (See A380-A394) for details of the agreement and dispute in Mooney, supra.  Whereas, in Washburn v. Rainer, 149 A.D. 800, 134 N.Y.S. 301 (1912), this case had nothing to do with a trust or the involvement of any instrument creating a trust.  Again, the Bassman court misapplied the statute, which requires an existence of a trust instrument in order for E.P.T.L §7-2.4 to apply.

It is unfortunate that those two misapplied supporting cases from the foreign court of Illinois in the Bassman case were adopted and served as the cornerstone for the voidable decision in both the District court and the Rajamin court.

The Bassman court furthered its interpretation of New York E.P.T.L §7-2.4 by citing In re Pepi, 268 A.D.2d 477, 701 N.Y.S.2d 915, 916 (2000) in support of its voidable decision.  The Bassman court inferred that *"section 7-2.4 is not applied literally in New York"*. *Id,* Bassman, at *8, Westlaw version.  The Bassman court seemed to derive everything possible in In re Pepi, supra, to justify for its voidable decision.   But then again, New York E.P.T.L §7-2.4 requires an

25

existence of an instrument creating the trust before actsof trustee can be held in contravention to the instrument creating the trust or not.

All the remaining cited cases[2] in the <u>Bassman</u> case that the Illinois court used in support of its flawed decision were the results of misapplying E.P.T.L. § 7-2.4.  The fact is, none of those cited cases in <u>Bassman</u> had an instrument creating the trust that was in controversy in regarding to trustee's contravention action.

As for the three remaining cases (beside <u>Mooney</u>, Supra and <u>Washburn</u>, Supra) in the lower District Court decision that were cited in supporting its voidable position are as follows:  <u>Hackett v Hackett</u>, <u>Omrazetti v. Aurora Bank FSB</u>, and <u>Calderson v. Bank of America</u>, NA.  In <u>Hackett v Hackett</u>, 34 Misc.3d 1233(A), 950 N.Y.S.2d 608, N.Y. Slip Op. 50356(U), WL 6689525 (N.Y. Sup. Ct., Kings County 2012), this decision was reversed in its entirety by the Appellate Division of the Second Dept. on March 19, 2014 (See <u>Hackett v. Hackett</u>, 115 A.D.3d 800, 982 N.Y.S.2d 167, N.Y. Slip Op. 01715 (N.Y. Sup. Ct., App. Div.,

---

[2] <u>Hine v. Huntington</u>, 118 A.D. 585, 103 N.Y.S. 535 (N.Y. Sup. Ct., App. Div., 4th Dept. 1907), <u>Birnbaum v. Birnbaum</u>, 117 A.D. 409, 503 N.Y.S.2d 451 (Sup. Ct. App. Div., 4th Dept. N.Y. 1986); <u>Greagan v. Buchanan,</u> 15 Misc. 580, 72 N.Y.St.Rep. 115, 37 N.Y.S. 83 (N.Y. Sup. Ct. Spe. Term. 1896); <u>Livonia Property Holdings</u>, 717 F.Supp.2d at 735–36; <u>Feldman v. Torres</u>, 34 Misc. 3d 47, 939 N.Y.S.2d 221, 2011 N.Y. Slip Op. 21438 (N.Y. App. Term 2011); <u>National Black Theatre Workshop Inc. v. Nubian Properties LLC</u>, 89 A.D.3d 518, 932 N.Y.S.2d 466, 467 (2011); <u>Conservative Party of the State of N.Y. v. New York State Bd. of Elections</u>, 170 Misc. 2d 885, 652 N.Y.S.2d 463 (Sup. Ct. 1996) and <u>Aronoff v. Albanese,</u> 85 A.D.2d 3, 446 N.Y.S.2d 368 (N.Y. App. Div. 1982).

2nd Dept. 2014), <u>Hackett</u>, supra had nothing to do with acts of trustee in contravention of the instrument creating the trust and thus E.P.T.L. § 7-2.4 was entirely misapplied. The District Court then borrowed a foreign interpretation of E.P.T.L. § 7-2.4 from the Texas District Court in <u>Omrazeti v. Aurora Bank FSB</u>, and <u>Calderon v. Bank of Am. N.A.,</u>. In <u>Omrazeti v. Aurora Bank FSB</u>, No. SA:12–CV–00730–DAE, 2013 WL 3242520 (W.D.Tex. June 25, 2013), the Texas District court by based its interpretation of New York E.P.T.L. § 7-2.4 on <u>Calderon v. Bank of Am. N.A.</u>, 941 F. Supp. 2d 753, WL1741951 (U.S. Dis. Ct., W.D. Tex. 2013). In <u>Calderon</u> decision, the court analyzed a series of cases involving trustees' *ultra vires* acts which could be ratified by the trust beneficiaries. The <u>Calderon</u> court also included the flawed application of E.P.T.L. § 7-2.4 in <u>Bassman</u> and <u>Mooney</u> cases that Appellants had already pointed out previously. Although, the <u>Calderon</u> court was correct about trustee's *ultra vires* acts that could be ratified by the trust beneficiaries, it incorrectly applied E.P.T.L. § 7-2.4 to *ultra vires* acts of trustee in this case because a trustee's *ultra vires* act does not necessary constitute as an act of trustee in contravention to the instrument creating the trust. Once again, the existence of an instrument creating the trust is an absolute requirement in order for E.P.T.L. § 7-2.4 to apply. This requirement is clearly stated in the language of the statute. Whereas, a trustee's *ultra vires* may or may not require the existence of an instrument creating the trust. The District court had

27

erroneously relied on these flawed interpretations of E.P.T.L. § 7-2.4 by the Texas court decisions in Omrazeti and Calderon.

The three remaining cited cases (beside Mooney, Supra and Washburn, Supra) in supporting the Rajamin court for its voidable decision were: King v. Talbot, 1 Hand 76, 40 N.Y. 76 (N.Y. Ct. App. 1869), Hine v. Huntington, 118 A.D. 585, 103 N.Y.S. 535 (N.Y. Sup. Ct., App. Div., 4th Dept. 1907) (incorrectly cited by the Washburn, opinion and by the Rajamin opinion as Hine v. Hine), and English v. McIntyre, 29 A. D. 439, 51 N.Y.S. 697 (N.Y. Sup. Ct., App. Div., 1st Dept. 1898). The Rajamin court had completely misapplied E.P.T.L. § 7-2.4 in each of those cases, since none of the cited cases involved acts of trustee in contravention of the instrument creating the trust as specified by the clarity of the language in the statute.

Appellants direct the court to the submitted list (See A414-A418). of sixty-one (61) cases law, representing almost two centuries of sounds jurisprudence by New York and Federal Courts in the application of E.P.T.L. § 7-2.4 and its prior versions. All of the sixty-one supporting cases cited by the Appellants have one thing in common: it is an existence of the instrument creating the trust in everu instance when the court applied E.P.T.L. § 7-2.4.

The history of the current E.P.T.L. § 7-2.4 statute which was enacted in 1967 can found in following statute and case law. The Revised Statutes of the

28

State of New-New York, Volume I, 1829, §65 at*2, (See **A380-A393**) showed

existence of the earlier version of the statute.  In <u>Johnson and others v. Fleet</u>, 14

Wend 176 (Sup. Ct. Jud. N.Y. 1835), the earlier version of the statute reference

back in in 1835:

> *"By the 67th section, 1 R. S. 730, "When the trust shall be expressed in the instruments \*183 creating the estate, every sale, conveyance or other act of the trustees, in contravention of the trust, shall be absolutely void."* <u>Id.</u> <u>Johnson,</u> at *4, Westlaw version.

It is also particularly instructive in <u>In re Lamoree,</u> 140 A.D. 650,125 N.Y.S.

1005 (App. Div. 4th Dept. 1910) because it places in parallel § 65 of the Statute of

Uses and Trust (1 R.S. 730) as amended by Chapter 257 of the Laws of 1886,

which was repealed by the Real Property Law in 1896 and § 85 and § 87 of the

later that law were enacted in place of § 65.

| *Section 65* | *Section 85* |
|---|---|
| *(Where) the trust is (or shall be) expressed in the instrument creating the estate, every sale, conveyance or other act of the trustees, in contravention of the trust, shall be absolutely void.* | *(If) the trust is expressed in the instrument creating the estate, every sale, conveyance or other act of the trustees, in contravention of trust (except as provided in this section) shall be absolutely void.* |

*Changes are indicated by ( ).*

Current *New York E.P.T.L §7-2.4* as enacted in 1967:

> *"If the trust is expressed in the instrument creating the estate of the trustee, every sale, conveyance or other act of the trustee in contravention of the trust, except as authorized by this article and by any other provision of law, is void."*

The language of the predecessor statute as compared with the current language of E.P.T.L. § 7-2.4, reveals only one change, the elimination of the word "absolutely" but the maintaining of the word "void."

Clearly, acts of trustee in contravention of the instrument creating the trust has always been void under New York E.P.T.L. §7.2-4, by operation of law.

## POINT V

## THE COURTS BELOW AND THE RAJAMIN COURT FAILED TO PROPERLY CONSTRUE, INTERPRET AND APPLY NEW YORK E.P.T.L. § 7-2.4

The application of the cannons of construing require first that the court look to the plain meaning of the statute. If the statute is unambiguous, there is no need to go further. The starting point for accomplishing this is the statute's language. See Matter of DaimlerChrysler Corp. v. Spitzer, 7 NY3d 653, 660 (2006). However, if the statute leaves room for interpretation, the reader must look to the legislative intent. Where the language is ambiguous, we may examine the statute's legislative history. Majewski v. Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 (1998). *"When construing a statute, we seek to discern and give effect to the Legislature's intent."* Carney v. Philippone, 1 NY3d 333, 339 (2004). In Matter of New York Post Corp, the court stated that *"In construing statutory provisions, the spirit and purpose of the statute and the objectives sought to be accomplished by the legislature must be borne in mind."* Id. at *3, Matter of New York Post Corp. v. Leibowitz, N.Y.2d 677, 163 N.Y.S.2d 409, 143

N.E.2d 256 (1957), Westlaw version.  In <u>Rankin</u>, the court stated *"a primary command to the judiciary in the interpretation of statutes is to ascertain and effectuate the purpose of the Legislature. In finding such purpose, one should look to the entire statute, its legislative history and the statutes of which it is made a part."*. <u>Id</u>. at *2, <u>Rankin, ex rel. Bd. of Ed. v. Shanker</u>, 23 N.Y.2d 111, 295 N.Y.S.2d 625, 242 N.E.2d 802 (1968), Westlaw version.

The New York states cases cited in the District Court's decision below and by this Court in <u>Rajamin</u> do not address any interpretation or construction of E.P.T.L.  § 7-2.4. In fact, there is not one single case of the New York State Court cases used by both the Southern District decisions, from which this appeal stems, that construed the statute.  It is imperative to examine and determine the meaning conveyed in the statute, and what they convey in their context, is what the text means.  <u>Reading the law: The Interpretation of Legal Texts,</u> Justice Antonin Scalia, Bryan A. Garner, at *56, (Thomson/West 2012)[3]. When applying the basic cannons of statutory construction with the time tested jurisprudence of New York case law, specifically as it applies to the New York E.P.T.L. § 7-2.4 and its predecessors, it is irrefutable that the "voidable" interpretation is not the

---

[3] This is a principle that goes back to *Roman Law (A verbislegis non estrecedendum)* ("Do not depart from the words of the law) *(Cf. Digest 32.69 pr. (Marcellus). Cf. also Unif. Statute & Rule Construction Act § 19 (1995),* ("*Primacy of the text*. The text of a statute or rule is the primary, essential source of its meaning").

law of New York for acts of the trustee in contravention to the instrument creating the

trust, but that these acts are void by operation of law.

## POINT VI

## THE RATIFICATION OF ANY ACT IN CONTRAVENTION TO THE TRUST INDENTURE BY THE BENEFICIARY IS PRECLUDED BY THE PROVISIONS OF THE SAME INDENTURE (THE PSA) AND BY OPERATION OF LAW

The PSA (See **A216**), contains Section 10.08 "Limitation on Rights of Certificate

Holders" Second paragraph states:

> "*SECTION 10.08. No Certificateholder shall have any right to vote (except as provided in this Agreement) or in any manner otherwise control the operation and management of the Trust Fund, or the obligations of the parties hereto, nor shall anything set forth in this Agreement or contained in the terms of the Certificates be construed so as to constitute the Certificateholders from time to time as partners or members of an association; nor shall any Certificateholder be under any liability to any third party by reason of any action taken by the parties to this Agreement pursuant to any provision of this Agreement.*" <u>Id.</u> at \*139/240 of Appellant Elaine D Phan's Pooling and Servicing Agreement for Alternative Loan Trust 2005-17, May 1, 2005 of for.

The instrument creating the trust by its own language precluded any possibility of

ratification, vote, or in any manner of interference and participation by the certificate

holders.  Therefore, the issue of ratification is a moot question precluded by the trust

indenture itself.

In addition, the certificate holders cannot ratify trustee's acts of contravention to

the trust indenture by operation of law, such acts are void under E.P.T.L. § 7-2.4 and its

predecessors that interpreted and applied New York Law to acts that are void under the

32

Statute and case law. <u>Cruger v. Jones</u>, 18 Barb 464 (1854), at *1-2, Westlaw version;

<u>Priessenger v. Sharp</u>, 27 Jones & S 315, 59 N.Y.Super.Ct. 315, 39 N.Y.St.Rep. 260, 14

N.Y.S. 372 (N.Y. Super.Ct. Gen. Term. 1891); <u>Knight v. Knight</u>, 182 A.D. 2d 342, 589

N.Y.S. 2d 195 (N.Y. App. Div., 3rd Dept. 1992).

    The certificate holders cannot ratify acts of the trustee that are in contravention

with the instrument creating the trust by the prohibition of the PSA, it is also forbidden

by operation of law under E.P.T.L §7-2.4.  In <u>Cruger v. Jones</u>, Supra, it points out that

even if the beneficiary of the trust joins in the contravention by the trustee of the

instrument creating the trust, the acts of the trustee are void by operation of law, and

*void in toto* both as to the trustee and as to the beneficiary.   Per operation of law under

E.P.T.L. 7-2.4, neither trustees, nor beneficiaries cannot act in contravention to the trust

indenture and cannot act as to inflict damage on to the trust.

    The actions of the trustee that negatively affect the trust, such as the failure to

transfer assets to the trust by the closing date as prescribed by the trust indenture, will

destroy the REMIC status of the trust under 26 U.S.C.A. § 860 et seq..  Therefore, the

act of trustee in contravention of the trust indenture cannot be ratified by the certificate

holders since it would certainly inflict damage to the trust as a matter of law under New

York E.P.T.L 7-2.4.

    The consequence of loosing of the REMIC status of the trust could result in the

additional tax being applied outside of the REMIC classification. The loosing of the

REMIC status is an act of trustee in direct contravention to the trust indenture known as the PSA.

In the case of O'Donoghue v. Boies, 92 Hun 3, 73 N.Y.St.Rep. 10, 37 N.Y.S. 961 (N.Y. Sup. Ct., Gen. Term, 4th Dept. 1895), the court citing the following cases in support of the Appellants' position, held that the court has no power to render valid, by an order or judgment, an act of the trustees which the statute declares to be void: Douglas v. Cruger, 35 Sickles 15, 80 N.Y. 15 (N.Y. Ct. App. 1880); Cruger v. Jones, 18 Barb 467, WL 5795 (N.Y. Gen. Term. 1854); Uhl v. Loughran, 4 N.Y.S. 827, 16 N.Y.Civ.Proc.R. 386, 52 Hun 611, 22 N.Y.St.Rep. 459, (N.Y. Sup. Ct., Gen. Term, 1st Dept. 1889); Cuthbert v. Chauvet, 136 N.Y. 326, 32 N.E. 1088, 18 L.R.A. 745,91 Sickels 326, 49 N.Y. St. Rep. 671 (N.Y. Ct. App. 1893). If the court cannot approve and make valid such an act, it would be without authority to order it.

The proposition that there could be any possibility of ratification by the beneficiaries of a trust for acts of the trustee in contravention to the instrument creating the trust has no foundation in New York Trust law. Moreover, the court cannot make by an order or judgment such act of the trustee valid, unless otherwise authorized by law. (E.P.T.L. § 7-2.4).

## POINT VII

## THE TRUSTEE HAD NO STANDING BECAUSE THE TRUST BY OPERATION OF LAW WAS NEVER VALIDLY FORMED

Under New York trust law, a lifetime trust shall be valid as to any assets therein to the extent that the assets have been transferred to the trust, and a transfer is not accomplished by a recital as stated in *McKinney's EPTL § 7-1.18 Funding of lifetime trust*[4]. The requirement is for actual delivery, not to simply have a listing of the assets. E.P.T.L. § 7-1.18; see Bishop v. Maurer, 73 A.D.3d 455, 899 N.Y.S.2d 612, N.Y. Slip Op. 03840 (2010). Bishop found that a trust is not created until the corpus has been fully transferred. In addition the trustee was not even a valid trustee because the trust

---

[4] A lifetime trust shall be valid as to any assets therein to the extent the assets have been transferred to the trust. For purposes of this section, (a) transfer is not accomplished by recital of assignment, holding or receipt in the trust instrument, and (b) in the case of a trust of which the creator is the sole trustee, transfer shall mean in the case of assets capable of registration such as real estate, stocks, bonds, bank and brokerage accounts and the like, the recording of the deed or the completion of registration of the asset in the name of the trust or trustee, and in the case of other assets a written assignment describing the asset with particularity.

This statute codifies and clarifies the requirement that the assets be transferred to the trust. It is not sufficient to recite in a "Schedule A" that certain assets belong to the trust, or have been assigned to the trust; the grantor must actually transfer them. If the grantor is the sole trustee, transfer means recording the deed or completing the registration of the stock certificates. If the assets are not registrable or recordable, the grantor must assign particular assets to the trust in writing. If the grantor is not the sole trustee, the statute is less specific. Ideally, he should complete the same steps just described.

This section applies to trusts created on or after December 25, 1997. L. 1997, ch. 139, § 7. The other sections that the legislature enacted simultaneously with this section are described in the Practice Commentary to EPTL 7-1.14.

was never formed.  The acquisition of the mortgage after the trust closing date is not a mere technicality, it is not only a material contravention action of trustee to the underline trust indenture but also a violation of New York E.P.T.L §7-1.18.

The requirements of the total delivery for the formation of the trust is known as the New York Finality Rule. See <u>Matter of Malone Family Trust</u>, 79 A.D. 3d 1214, 913 N.Y.S. 2d 787, N.Y. Slip Op. 08832 (U.S. Sup. Ct., App. Div., 3rd Dept. 2010); <u>Bishop v. Maurer</u>, 73 A.D.3d 455, 899 N.Y.S.2d 612, N.Y. Slip Op. 03840 (N.Y. App. Div., 1st Dept. 2010); <u>Driscoll v. Fitch</u>, 52 F. Supp. 869 (S.D.N.Y. 1943); <u>Wells Fargo Bank, N.A. v. Erobobo</u>, 39 Misc. 3d 1220(A), 972 N.Y.S.2d 147, N.Y. Slip Op. 50675(U) (Sup. Ct. 2013) (Unpublised).

To be valid in New York, all trusts must be funded under *E.P.T.L §7-1.18 Funding of lifetime trust*.  Historically, the word "funded" used in E.P.T.L 7-1.18 implied a transfer of the trust property into the trust; if an asset was not delivered, it was not part of the trust. <u>Farmer's Loan Trust Co. v. Winthrop</u>, 238 N.Y. 477, 144 N.E 686, 4 A.F.T.R. 4809(N.Y. Ct. App.1924), at *4, Westlaw version. The Appellants/Plaintiffs alleged in their Amended Complaint that there was not full delivery of the corpus to the trust, and that any such delivery in contravention of the trust is void by operation of law. See E.P.T.L. § 7-2.4. When both E.P.T.L. § 7-1.18 and E.P.T.L. § 7-2.4 are read together, the standing of the Appellees/Defendants to enforce, collect payments, and foreclose on the mortgages does not exist. This is an absolute, given the fact that the

36

instrument creating the trust is strictly construed when applied to the trustee acts in the context of a corporate trust indenture.  See <u>Meckel v. Continental Resources Co.</u>, 758 F.2d 811, Fed. Sec. L. Rep. P 91, 980(U.S. Ct. App., 2nd Cir. 1985).

## <u>CONCLUSION</u>

For all of the aforementioned reasons, it is irrefutable that the acts of the trustee in contravention to the PSA were *void ab initio* under New York law, that under the same law the Appellants have standing to raise claims and defenses based upon the acts of the trustee violation of the instrument that creating the trust (PSA), and that the trusts were never formed under the same law which is controlling the foundational issue of this case. Accordingly, the Appellants respectfully submit that the decision of the court below should be reversed and this matter remanded back to be heard on the merits.

Respectfully submitted,

*<u>/s/ Tomas Espinosa, Esq.</u>*

TOMAS ESPINOSA, ESQ.

## <u>CERTIFICATE OF COMPLIANCE WITH</u>

## <u>FEDERAL RULE OF APPELLATE PROCEDURE 32(A)</u>

I hereby certify that this brief complies with the requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in a 14-point proportionally spaced font.

I further certify that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains **9,629 words**, excluding the parts of the brief exempted under Rule 32(a)(7)(B)(iii), according to the count of Microsoft Word.

*<u>/s/ Tomas Espinosa, Esq.</u>*

TOMAS ESPINOSA, ESQ.

38

## ANTI-VIRUS CERTIFICATION FORM

**CASE NAME: Anh Nguyet Tran, et al. v. Bank of New York et al.**

**DOCKET NO. 14-1224**

I, Tomas Espinosa, Esq. certify that I have scanned for virus the PDF version of

the Appellants' Brief that was submitted in this case as an email attachment to

briefs@ca2.uscourts.gov and that no viruses were detected.

The name and version of the anti-virus that I used is Symantec Endpoint Protection

version 12.1.3001.165

*Dated: 9/15/2014*                    **/s/ Tomas Espinosa, Esq.**

                         TOMAS ESPINOSA, ESQ.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on 9/15/2014, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Second Circuit by using the appellate CM/ECF system. I further certify that I will cause 6 paper copies of this brief to be filed with the Court.

The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.


### <u>/s/ Tomas Espinosa, Esq.</u>

TOMAS ESPINOSA, ESQ.

I have also provided two copies of Appellants' brief and appendixes upon Appellees attorneys as follows:

### <u>Counsel for Bank of New York, now known as Bank of New York Mellon: 9/15/2014</u>

| | |
|---|---|
| Counsel's Name: | **Nafiz Cekirge** |
| Address | BRYAN CAVE LLP |
| | 120 Broadway, Suite 300 |
| | Los Angeles, CA 90401 |
| Telephone No | (212)735-3639 |
| Fax No. | (212)489-2384 |
| Email: | nafiz.cekirge@bryancave.com |

_____

| | |
|---|---|
| Counsel's Name: | **Scott Harris Kaiser, Esq.** |
| Address | BRYAN CAVE LLP |
| | 1290 Avenue of the Americas |
| | New York, NY 10104 |
| Telephone No | (212) 541-2000 |
| Fax No. | (212) 541-4630 |
| Email: | scott.kaiser@bryancave.com |

**Counsel for Deutsche Bank National Trust Company: 9/15/2014**

Counsel's Name:    **Christopher J. Mannion**
Address            MORGAN, LEWIS & BOCKIUS LLP
                   1701 Market Street
                   Philadelphia, PA 19103-1628
Telephone No       (215)963-5000
Fax No.            (215)963-5001
Email:             cmannion@morganlewis.com

_____

Counsel's Name:    **Thomas J. Sullivan (admitted *pro hac vice*)**
Address            MORGAN, LEWIS & BOCKIUS LLP
                   1701 Market Street
                   Philadelphia, PA 19103
Telephone No       (215) 963-5000
Fax No.            (215)963-5001
Email:             tsullivan@morganlewis.com

_____

**Counsel for HSBC Bank USA National Association & Wells Fargo Bank National Association:**

_____

Counsel's Name:    **Chava Brandriss, Esq.**                9/15/2014
Address            Hogan Lovells US LLP
                   875 Third Avenue
                   New York, NY 10022
Telephone No       (212) 918-3000
Fax No.            (212)918-3100
Email:             Patrick.dempsey@hoganlovells.com

_____

Counsel's Name:    **Brian Scott McGrath, Esq.**
Address            HOGAN LOVELLS US LLP                      9/15/2014
                   875 Third Avenue
                   New York, NY 10022
Telephone No.      (212) 918-3000
Fax No.            (212)918-3100
Email:             brian.mcgrath@hoganlovells.com

_____

41

Counsel's Name:   **Lisa Jean Fried, Esq.**
Address           HOGAN LOVELLS US LLP                    9/15/2014
                  875 Third Avenue
                  New York, NY 10022
Telephone No      (212) 918-3000
Fax No.           (212)918-3100
Email:            lisa.fried@hoganlovells.com


*/s/ Tomas Espinosa, Esq.*
TOMAS ESPINOSA, ESQ.